UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| STANLEY COFFEY, | : | |
| Plaintiff, | : | No. 3:11-cv-784 |
| v. | : | |
| CHRISTOPHER CALLAWAY and SCOTT MEIKLE, | : | **MAY 1, 2015** |
| Defendants. | : | |

## RULING ON DEFENDANTS' IN LIMINE MOTION

**HAIGHT**, Senior District Judge:

In this civil rights action under 42 U.S.C. §§ 1983 and 1988 now awaiting jury trial, Defendants move *in limine* [Doc. 48] to preclude certain testimony and evidence at the trial. Plaintiff has not filed papers in opposition. For the reasons that follow, the Court will grant Defendants' motion in part and reserve decision in part.

**I**

At the pertinent times, Plaintiff Stanley Coffey was a resident of Norwich, Connecticut. Defendants Christopher Callaway and Scott Meikle were officers in the Norwich Police Department. The case arises out of an incident in front of Plaintiff's home on May 12, 2009, at the end of which Callaway arrested Coffey, transported him to police headquarters, and charged him with two misdemeanors: breach of the peace and interfering with an officer.

Coffey was acquitted at a jury trial. He then filed this action against Defendants. Defendants

made a motion for partial summary judgment. The Court granted that motion in a Ruling dated February 19, 2015 [Doc. 44], reported at 2015 WL 711171 ("the February 19 Ruling').

**II**

The full facts and circumstances of the case are set forth in the February 19 Ruling, familiarity with which is assumed. For present purposes, it is sufficient to say that Coffey's amended complaint, the operative pleading, contained three counts. Count I alleged that Meikle and Callaway violated Coffey's "fourth amendment right to be free from excessive force, free from an arrest without probable cause, and free from unreasonable search and seizure." Counts II and III alleged in essence that that the Defendants retaliated against Coffey for having exercised his First Amendment rights. 2015 WL 71171, at *2.

Defendants styled their first motion as one for "*partial* summary judgment" because they did not consider themselves entitled to a summary judgment on one aspect of the case. The February 19 Ruling stated that "Defendants seek summary judgment with respect to the claims Plaintiff alleges in Count I for false arrest and unreasonable search and seizure; a summary disposition of the claim in Count II for deprivation of Plaintiff's right to free speech; and a summary disposition of the claim Plaintiff alleges in Count III for retaliation. "Defendants acknowledge that Plaintiff is entitled to a jury trial with respect to the claim Plaintiff alleges in Count I *for the use by Defendants of excessive force in executing his arrest*." 2015 WL 711171, at *2 (emphasis added).

In the February 19 Ruling, the Court granted Defendants' motion in its entirety. The partial nature of Defendants' motion for summary judgment is reflected in the last two sentences of the Ruling:

> Plaintiff's claim for the use of excessive force by Defendants during

>the arrest at issue remains for further litigation. A separate scheduling Order for the submission of a Joint Trial Memorandum will be entered by the Court.

2015 WL 71171, at *13.

Counsel for the parties conferred for the purpose of submitting the joint trial memorandum with respect to the sole claim surviving Defendants' motion for summary judgment: Coffey's claim that the Defendants, as arresting officers, used excessive force in accomplishing the arrest. Defendants deny that they did so. It became apparent to counsel for Defendants, as that process went forward, that Plaintiff's counsel contemplated making arguments and offering evidence which counsel for Defendants believes should be excluded and not allowed at trial. Hence this motion *in limine*.

Specifically, Defendants "anticipate that plaintiff will seek to introduce prejudicial evidence and argument not relevant to that limited inquiry at trial regarding: (1) the outcome of the plaintiff's criminal trial on charges arising from his May 12, 2009 arrest; (2) testimony of Attorney Thomas Mellillo regarding his communication with the defendants in the course of the plaintiff's criminal trial; and (3) legal fees incurred in the defense of plaintiff's criminal case." Defendants' Brief in Support of Motion [Doc. 48-1] at 1-2.

Defendants contend on this motion that any references at trial to the outcome of Plaintiff's earlier criminal trial and legal fees incurred in the defense of that trial should be precluded "because such evidence is not relevant to the plaintiff's Fourth Amendment excessive force claim remaining for adjudication, and because such evidence would be highly prejudicial to the defendants." Notice of Motion [Doc. 48] at 1.

As for the anticipated testimony of Attorney Mellillo, the Joint Trial Memorandum [Doc. 47]

3

says at page 4 that "Attorney Mellillo will testify as to his communications with the defendants in the course of prosecuting the criminal case against Mr. Coffey in Norwich Superior Court." Defendants contend on this motion that this testimony must be precluded "because any such testimony would constitute inadmissible hearsay and because it would not be probative of the limited issue that is left for resolution at the trial of this matter."  Notice of Motion [Doc. 48] at 1-2.

### III

Plaintiff has not filed any papers in opposition to Defendants' motion *in limine*.  That is understandable, since it is difficult to discern a basis for opposing it.  Nonetheless, the Court has considered the pertinent facts and the governing law.

As a result of the partial summary judgment in Defendants' favor, the trial is limited to Coffey's claim that Callaway and Meikle used excessive force in arresting him, in violation of the United States Constitution.  In *Bennett v. Britton*, — Fed.Appx. —, 2015 WL 1759662 (2d Cir. April 20, 2015), the Second Circuit summarized the nature and elements of a constitutional excessive force claim:

> A claim under 42 U.S.C. 1983 that a law enforcement officer used excessive force on a suspect before arraignment is analyzed under the Fourth Amendment and its "reasonableness" standard.  Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

2015 WL 1759662, at *1 (citations and some internal quotation marks omitted).

In the case at bar, the Defendants are clearly correct in their contention that the outcome of Coffey's criminal trial on the underlying charges against him is irrelevant to his claim that Defendants used excessive force in arresting him, as that claim is summarized in cases like *Bennet*

*v. Britton*. It is undisputed that Callaway and Meikle used force in effecting Coffey's arrest. Those officers acknowledge having taken Coffey to the ground to handcuff him. Coffey claims that the officers also used greater and different kinds of violence and force. The entire inquiry at trial will focus upon the events that occurred during the relatively brief period of time preceding and during the arrest. The jury will decide what degree of force the officers used to arrest Coffey, and whether that force was objectively reasonable in the circumstances. Coffey's acquittal on the underlying charges has precisely nothing to do with those decisive issues. A police officer's constitutional duty to use no more than reasonable force in arresting a suspect exists independently of the suspect's guilt or innocence of the charge for which he is arrested. An officer cannot use an individual's subsequent conviction on the charge as evidence that only objectively reasonable force was used to arrest him. Conversely, the individual cannot use his subsequent acquittal as evidence that the arresting officers used unreasonable force.

     These unsurprising propositions conform to the Rules of Evidence which will govern the trial. Rule 402 provides tersely that "relevant evidence is admissible" (unless statutes or rules "provide[] otherwise") and "irrelevant evidence is not admissible." Rule 401, captioned "Test for Relevant Evidence," provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." It requires no analysis to demonstrate that the fact of Coffey's guilt or innocence of the charges for which he was arrested is of no consequence in determining whether the officers' use of force in arresting him was objectively unreasonable or unreasonable.[1]

---

[1] Defendants also argue that they would be prejudiced by evidence or argument revealing the fact of plaintiff's acquittal at the criminal trial. They invoke F. R. Evid. 403, which provides that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by

Accordingly, Defendants' motion *in limine* will be granted to the extent that evidence of the outcome of Plaintiff's criminal trial will be excluded at the coming trial for excessive force. Counsel for Plaintiff may not refer to that outcome, in argument or in a question. No evidence will be received, nor may mention be made, of legal fees Plaintiff incurred in the defense of the underlying charges.

That leaves the proffered testimony of Attorney Mellillo "as to his communications with the defendants in the course of prosecuting the criminal case" against Plaintiff. Defendants ask me to bar such testimony because it "would constitute inadmissible hearsay." The present record does not allow a decision on this point. Presumably, Mr. Mellillo's description of his "communications with the defendants" would include statements made by one or the other defendant in this action. F. R. Evid..801(d)(2)(A) exempts from the hearsay rule statements made by an opposing party. Declarations made by Callaway or Meikle to Attorney Mellillo may be admissible under that Rule, unless there is some other ground for exclusion.

The proper course for the Court to take with respect to the contemplated Mellillo testimony is to reserve decision on the present record. If counsel for Plaintiff wishes to press for the admission of that testimony, they must file an offer of proof giving full details with respect to the testimony Plaintiff expects to elicit. After counsel for Defendants have an opportunity to comment on the proffer, the Court will be in a position to evaluate the admissibility of the evidence at trial, in the

---

a danger of," *inter alia*, "unfair prejudice." I agree with Defendants that evidence of plaintiff's acquittal on the underlying charges would unfairly prejudice them at the trial of a claim for use of excessive force during the arrest, but Rule 403 is not really implicated in the case. The Rule 403 balancing function comes into play when the trial judge is considering whether to "exclude relevant evidence." For the reasons stated in text, evidence of Coffey's acquittal at the criminal trial is not relevant.

light of the rules on hearsay, relevance, and any other applicable principles.

## IV

For the foregoing reasons, Defendants' Motion *in limine* [Doc. 48] is GRANTED IN PART and DECISION IS RESERVED IN PART.

If Plaintiff wishes to make an offer of proof consistent with the terms of this Ruling, he must do so on or before **May 15, 2015**, failing which the Court will extend this Ruling to exclude the testimony in question. If Plaintiff makes such an offer of proof, Defendants may file responsive papers on or before **May 22, 2015.**

It is SO ORDERED.

Dated:  New Haven, Connecticut
         May 1, 2015

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge